IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICKEY O. RENFRO, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:19-cv-02804-X (BT) |
| § | |
| § | |
| NESTLE WATERS, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rickey O. Renfro filed this *pro se* complaint against his former employer Nestle Waters, which the District Court referred to the undersigned Unites States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The Court granted Renfro leave to proceed *in forma pauperis* and withheld issuing process pending judicial screening. For the following reasons, the Court should dismiss the complaint.

I.

Renfro states Nestle Waters wrongfully terminated his employment by claiming Renfro falsified his timesheet. Renfro argues he was terminated for raising safety concerns. He claims Nestle Waters committed fraud, retaliation, defamation, breach of good faith and fair dealing, breach of implied promises, and failed to provide a required warning before terminating him. He seeks $1.5 million in damages.

1

II.

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

The Court liberally construes pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under the most liberal construction, however, Renfro has failed to allege facts supporting federal question or diversity jurisdiction. The complaint does not present a federal cause of action. Rather, Renfro asserts only possible state law claims against Nestle Waters. Additionally, the complaint does not allege that the parties are citizens of different states. And Renfro did not answer the Magistrate Judge's Questionnaire asking whether he and Nestle Waters are citizens of different states. (*See* ECF No. 8 at 2). The complaint should therefore be dismissed for lack of subject matter jurisdiction.

2

III.

For the foregoing reasons, the Court recommends that Renfro's Complaint be dismissed without prejudice for lack of subject matter jurisdiction.

Signed January 22, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

3