IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKEY O. RENFRO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:19-cv-02804-X (BT) |
| | § | |
| NESTLE WATERS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Rickey O. Renfro's "Motion to Reopen Case" under Rule 60(b). (ECF No. 14). For the reasons stated, the Court should deny Renfro's motion.

I.

Renfro filed a *pro se* lawsuit against his former employer on November 25, 2019. Compl. (ECF No. 3). The next month, the Court sent Renfro a Magistrate Judge's Questionnaire (ECF No. 7) to determine the basis for the exercise of subject matter jurisdiction. Renfro filed his Response (ECF No. 8) to the Questionnaire on December 23, 2019, but he failed to identify any federal law Defendant had allegedly violated and he declined to answer the question about whether he and Defendant are citizens of different states. Resp. 2 (ECF No. 8).

On January 22, 2020, the undersigned magistrate judge issued findings and conclusions, recommending that Renfro's complaint be dismissed without prejudice for lack of subject matter jurisdiction. FCR (ECF No. 9). Renfro filed

objections, in which he clarified "me and the defendant are of the same state (Texas)," (ECF No. 10), but the objections were overruled, and on July 8, 2020, the Court accepted the magistrate judge's findings and recommendation and entered judgment. Ord. (ECF No. 11); J. (ECF No. 12).

On March 15, 2021, Renfro filed an Amended Response to the Magistrate Judge's Questionnaire (ECF No. 13), in which he invoked the FMLA and suggested that he and Defendant are citizens of "Texas – Connecticut." *Id.* 1. Then, on April 23, 2021, Renfro filed his "Motion to Reopen Case" (ECF No. 14).

## II.

A court evaluates a motion seeking reconsideration of a prior ruling under either Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The Court determines which rule to apply based on when the motion is filed. *Id.* If the party files his motion within twenty-eight days after the entry of judgment, the Court evaluates the motion under Rule 59, but if the party filed it beyond that time period, the Court analyzes the motion under Rule 60. *Id.* Renfro filed his motion on April 23, 2021, which is more than 28 days after the entry of judgment on July 8, 2020. The Court therefore evaluates his motion under Rule 60(b).

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

(1)     mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is considered an extraordinary remedy, and the need for predictability mandates caution in reopening judgments. *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005). The movant bears the burden of establishing at least one of the Rule 60(b) requirements to obtain relief. *Harrison v. Baylor Univ. Med. Ctr.*, 2018 WL 7048085, at *2 (N.D. Tex. Dec. 21, 2018), *adopted by* 2019 WL 202325 (N.D. Tex. Jan 15, 2019).

### III.

As a threshold matter, the Court should deny Renfro's motion because it is an impermissible substitute for an appeal. Renfro failed to file an appeal with the Fifth Circuit Court of Appeals. Renfro argues that he wants the opportunity "to present overwhelming evidence in this matter to the court." Mot. 1 (ECF No. 14). However, even if this Court had jurisdiction, he fails to come forward with any "newly discovered evidence" that could not have been discovered in time to file a Rule 59(b) motion. *See* Fed. R. Civ. P. 60(b)(2).

Further, the Court should deny the motion as untimely because it was not filed within a reasonable time. Under Rule 60(c)(1), a party must file a Rule 60(b) motion within a reasonable time or show good cause for the delay.[1] *In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017) (citing *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004)). "'Good cause' for a reasonable delay must be 'evaluated on a case-by-case basis.'" *Id.* (quoting *In re Osborne*, 379 F.3d at 283). Timeliness is assessed when the moving party has a basis to make such a motion, not the time that has passed since judgment was entered. *First RepublicBank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992). "Once a party has grounds to make a Rule 60(b) motion, however, he must bring the motion reasonably promptly, though 'the determination of reasonableness is less than a scientific exercise.'" *In re Edwards*, 865 F.3d at 208-09 (quoting *First RepublicBank Fort Worth*, 958 F.2d at 121). When a moving party fails to appeal, and the grounds for relief were known within the time to file an appeal, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60[ (c) ]." *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 288 (5th Cir. 1985). Rule 60(b) should not be allowed to operate as an end run around appeal time limits. *Id.*

The Court entered judgment in this case on July 8, 2020. (ECF No. 12.) Renfro filed his Rule 60(b) motion *more than nine months later*—on April 23, 2021.

---

[1] All motions under Rule 60(b) must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1). However, Rule 60(b) motions filed for the reasons set forth in Rule 60(b)(1)-(3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.*

4

There is no indication that the "overwhelming evidence" Renfro vaguely refers to was not known to him on July 8, 2020, when the Court entered its order dismissing his case without prejudice and entered judgment. Ord. (ECF No. 11); J. (ECF No. 12). As noted, Renfro did not appeal this Court's ruling.

Even if Renfro's motion were appropriate and timely, the Court should still deny it on the merits because Renfro has not shown any mistake in the judgment. In his bare bones motion, Renfro claims only that the Court should "reopen [his] case to give[ ] [him] the opportunity to present overwhelming evidence in this matter to the court." Mot. 1 (ECF No. 14). However, this argument is not persuasive. As the Court previously found, Renfro failed to meet his burden of demonstrating that his complaint presented a federal claim or that the parties are completely diverse, and this Court must presume that his suit lies outside its limited jurisdiction. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

## RECOMMENDATION

The Court should DENY Renfro's Rule 60(b) motion (ECF No. 14).

**SO RECOMMENDED**.

May 7, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).